## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUPERIOR SURGICAL, LLC,

      *Plaintiff,*

    v.

INTELLIGENT MANAGEMENT
SOLUTIONS, LLC, et al.,

      *Defendants.*

CIVIL ACTION
NO. 25-1138

Pappert, J.                                                                                April 2, 2026

### MEMORANDUM

Superior Surgical, LLC sued Intelligent Management Solutions, LLC, Christed Lamy and Nicole Peters, alleging breach of contract and fraudulent inducement.  Three months later, the Clerk of Court entered default judgment against them.  Acting *pro se* and purportedly on IMS's behalf, Lamy and Peters moved to void the judgment, dismiss all claims for improper service and "factual inaccuracies and misrepresentations," and award them "costs and damages."  The Court grants the motion in part, sets aside the default judgment as to Lamy and Peters but not IMS,[1] extends the time for proper service by sixty days, and denies the request for costs and damages.

I

A

Around May 15, 2024, Superior Surgical, LLC paid $65,000 to Intelligent Management Solutions, LLC in exchange for chartering a tugboat and barge for fifteen

---

[1]      Superior does not oppose setting aside the default judgment as to Lamy and Peters.  *See* (Pl.'s Resp. to Mot. at 1, 5, Dkt. No. 24); *see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").

days.  (Compl. ¶¶ 11, 15, Dkt. No. 1.)  Superior planned to use the boats to transport stone gravel from a quarry in Suriname to a location in Guyana.  (*Id.* ¶¶ 9, 17.)  Two IMS representatives, Christed Lamy and Nicole Peters, confirmed IMS owned the boats.  (*Id.* ¶ 22.)

According to Superior, that was false: Trinidad Contractors, Ltd.—not IMS— owned the tugboat and barge.  (*Id.* ¶ 23.)  After its agreement with Superior, IMS purportedly entered into a twelve-month charter agreement for the boats with Trinidad Contractors, (*id.* ¶ 29), and that agreement prohibited subchartering to third parties, (*id.* ¶ 26.)  Despite that restriction, IMS charted the boats to C.R.V.S., Inc., a Guyanese corporation, for twelve months.  (*Id.* ¶ 30.)  IMS allegedly never provided Superior with a tugboat or barge, and Defendants have refused to return the $65,000 Superior paid them.  (*Id.* ¶¶ 33–34.)

B

Superior sued IMS, Lamy and Peters on March 4, 2025.  (Dkt. No. 1.)  Several days later, process server Mary Kerns effected service on Defendants through CT Corporation, their registered agent, at 600 N. 2nd Street, #401, Harrisburg, PA 17101. (Aff. of Serv. on IMS, Dkt. No. 7); (Aff. of Serv. on Lamy, Dkt. No. 8); (Aff. of Serv. on Peters, Dkt. No. 9); (Mot. to Void J. at 2, Dkt. No. 18.)  Kerns served the summons on Stefanie Murphy, an "intake specialist . . . designated by law to accept service of process on behalf of" IMS, Lamy and Peters.  (Aff. Serv. on IMS); (Aff. of Serv. on Lamy); (Aff. of Serv. on Peters.)

None of the Defendants responded to the Complaint, and Superior applied for entry of default against them on July 17, 2025.  (Appl. for Entry of Default, Dkt.

2

No. 10.)  Several days later, the Clerk of Court entered default for failure to plead or otherwise defend.  (Entry of Default, Dkt. No. 11.)  Superior then requested default judgment, (First Request for Default J., Dkt. No. 12), which the Court struck for failure to comply with Federal Rules of Civil Procedure 54(c) and 55(b)(1), (July 31, 2025 Order, Dkt. No. 13.)  Superior fixed its request, (Second Request for Default J., Dkt. No. 14), and the Clerk entered default judgment in its favor and against Defendants on August 25, 2025 for $103,500 plus costs, (Clerk's J., Dkt. No. 17.)

## II

As an initial matter, Lamy and Peters cannot represent IMS.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Couns.*, 506 U.S. 194, 201–02 (1993) (citing *Osborn v. President of Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824)); *United States v. Cocivera*, 104 F.3d 566, 572–73 (3d Cir. 1996) (same).  "The same applies to LLCs . . . because even single-member LLCs have a legal identity separate from their members."  *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam).  Neither Lamy nor Peters purports to be a lawyer.

## III

### A

Federal Rules of Civil Procedure 12(b)(5) and 4 govern motions to dismiss for insufficient service of process.  Rule 12(b)(5) permits a district court to dismiss a pleading for insufficient service, *see* Fed. R. Civ. P. 12(b)(5), but such a dismissal "must be entered without prejudice," *see Umbenhauer v. Woog*, 969 F.2d 25, 30 n.6 (3d Cir.

1992).  The plaintiff "bears the burden of proof on that issue," *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993), which it must satisfy "by a preponderance of the evidence" with "affidavits, depositions, and oral testimony," *State Farm Mut., Auto Ins. v. Tz'doko V'Chesed of Klausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (citation omitted).

Under Rule 4, the plaintiff may serve an individual in a judicial district of the United States by:

(1)   Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)   Doing any of the following:

(A)   Delivering a copy of the summons and of the complaint to the individual personally;

(B)   Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)   Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Lamy and Peters apparently contend, correctly, that Superior did not follow either part of Rule 4(e).

1

Under Pennsylvania law, original process may be served:

(1)   By handing a copy to the defendant; or

(2)   By handing a copy:

(i)   At the residence of the defendant to an adult member of the family with whom he resides, but if no adult member of the family is found, then to an adult person in charge of such residence; or

      (ii)      At the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

      (iii)     At any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. P. 402(a).[2] To constitute an office or usual place of business under Rule 402(a)(2)(iii), the defendant must have "more proprietary responsibility and control over the business than that possessed by the average employee." *Pincus v. Mut. Assurance Co.*, 321 A.2d 906, 910 (Pa. 1974); *Lopez v. Sromovsky*, No. 17-2183, 2018 WL 3957069, at \*2 (E.D. Pa. Aug. 17, 2018) (collecting cases).

Superior did not comply with either provision of Rule 402(a). First, it never handed Lamy or Peters a copy of any court documents, nor did it do so where they resided. *See* Pa. R. Civ. P. 402(a)(1), (2)(i)–(ii). Second, nothing in the record shows that 600 N. 2nd Street, #401, Harrisburg, PA—the place where Superior effected service—was an office or usual place of business for Lamy or Peters. *See id.* 402(b)(iii); (Aff. of Serv., Lamy); (Aff. of Serv., Peters). Superior offers no evidence that they had responsibility and control over that address. To the contrary, the Complaint lists their office address at 116 Pine Street, Suite 320, Harrisburg, PA, (Compl. ¶¶ 3–4), where CT Corporation is also located, (Mot. to Void Judgment at 2); *see also Wadhwa v. Nicholson*, No. 7-3301, 2009 WL 1119509, at \*4 (E.D. Pa. Apr. 24, 2009) (holding service was improper under Rule 402 because the plaintiff did not prove it served the defendant at a place the defendant had a "proprietary interest"); *Infantino v. W. Wyo.*

---

[2] Rule 403 also permits service by "any form of mail" requiring a signed receipt by the defendant or his authorized agent, Pa. R. Civ. P. 403(a), but Superior never served Lamy or Peters by mail.

*Borough*, No. 12-2539, 2013 WL 1345628, at \*3 (M.D. Pa. Apr. 2, 2013) (same).  And

IMS has its registered office at 2929 Arch Street, Suite 1700, Philadelphia, PA 19104.[3]

(Mot. to Void J. at 2.)

Rather that arguing it properly served Lamy and Peters, Superior claims,

without citing any law, they "waived" that argument by "requesting the Court accept

jurisdiction over their claims for Costs and for Defamation."  (Pl.'s Resp. to Mot. ¶ 9.)

That is incorrect.  Under Rule 12(h)(1), a party waives a defense for insufficiency of

service of process by either failing to make it by motion or include it in a responsive

pleading or amendment.  *See* Fed. R. Civ. P. 12(h)(1).  So if a defendant makes a Rule

12 motion but "omits its objection to . . . effectiveness of service under Rule 12(b)(5),

that objection is waived."  *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d

Cir. 1998).  Lamy and Peters objected to service of process in their motion.  *See* (Mot. to

Void J. at 1–2, 6).

2

Nor did Superior follow Rule 4(e)(2).  It never served Lamy or Peters with a copy

of the summons and complaint, and it didn't leave copies at their dwelling or usual

place of abode.  *See* Fed. R. Civ. P. 4(e)(2)(A)–(B).  Kerns served Stephanie Murphy, "an

intake specialist," on Defendants' behalves, *see* (Aff. of Serv. on Lamy); (Aff. of Serv. on

Peters), but it's not clear who Murphy is.  Although Kerns stated Murphy was

"designated by law to accept service of process," *see id.*, Superior offers no evidence to

establish that is so, *see Ghost v. Victory Recovery Serv., Inc.*, No. 14-215, 2014 WL

---

[3]     On August 2, 2024, IMS changed the location of its registered office from 600 North Second Street, Suite 401, Harrisburg, PA 17101—the address where Kerns effected service—to this address. *See* Pa. Dep't of State, https://file.dos.pa.gov/search/business (last visited Apr. 1, 2026) (searching "Intelligent Management Solutions, LLC"); (Mot. to Void Judgment at 2).

1515700, at *2 (E.D. Pa. Apr. 17, 2014) (finding service of process improper where the plaintiff "has not provided proof that" the person who accepted service was the defendant's authorized agent); *Miller v. Aldecocea*, No. 23-cv-409, 2023 WL 4534591, at *4 (E.D. Pa. July 13, 2023) (same where "[t]he record is devoid of any evidence" that an authorized agent received service of process); *Lacy v. Mortg. Elec. Registrations Sys., Inc.*, No. 24-772, 2024 WL 3378318, at *3 (E.D. Pa. July 10, 2024) (same); *see also Hutton v. KDM Transp., Inc.*, No. 14-3264, 2014 WL 3353237 at *3 (E.D. Pa. July 8, 2014) ("Because service is the mechanism by which a court obtains jurisdiction over a defendant, the rules governing service of process must be strictly followed.").

B

Because they were improperly served, Lamy and Peters moved for "dismissal with prejudice." (Mot. to Void J. at 6.)  The plaintiff has the responsibility to serve the summons and complaint "within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1). Under Rule 4(m), if a defendant is not served within ninety days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order service be made within a specified time."  *Id.* 4(m).  Upon a showing of good cause for the failure, the Court "must extend the time for service for an appropriate period." *Id.*  Superior did not serve Lamy or Peters within ninety days or seek an extension, and it offers no arguments related to good cause.

Still, in the absence of good cause, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The Court has "broad discretion" in making that decision, and dismissal "is inappropriate when there exists a

7

reasonable prospect that service may yet be obtained." *Umbenhauer*, 969 F.2d at 30. Other factors include: (1) actual notice of the legal action, (2) prejudice to the defendant, (3) the statute of limitation for the underlying causes of action, (4) the conduct of the defendant and (5) whether the plaintiff is represented by counsel. *See Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments); *see also Wright & Miller's Federal Practice & Procedure* § 1137 (4th ed. 2025) (same).

Extending the time for service is more appropriate than dismissing the Complaint without prejudice. Superior now has the correct addresses for Lamy, Peters, and IMS, *see* (Mot. to Void J. at 2), so it has a reasonable prospect of properly serving them, *see Umbenhauer*, 969 F.2d at 30. Lamy and Peters responded to the default judgment against them, *see* (Mot. to Void J.), and the Court ordered the Clerk to amend the docket to reflect Lamy's email address, *see* (Mar. 30, 2026 Order, Dkt. No. 25). Superior's breach of contract claim has a four-year limitations period, *see* 42 Pa. Stat. & Cons. Stat. Ann. § 5525(a), and his fraudulent inducement claim has a two-year period, *see id.* § 5524(7). The time to file suit begins to run as soon as the right to maintain a suit arises. *See Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). Superior alleges the events giving rise to their claims occurred in May of 2024. (Compl. ¶¶ 11, 13, 15–16, 30, 36.)

IV

Lamy and Peters alternatively move to dismiss all claims against them "[b]ased the factual inaccuracies and misrepresentations" in the Complaint. (Mot. to Void J. at 6.) But under Rule 12(b)(6), the court should "assume the veracity" of all "well-pleaded

factual allegations . . . and then determine whether they plausibly give rise to an entitlement of relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation modified) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Lamy and Peters make no arguments about the plausibility of Superior's allegations beyond that it contains "false claims and fabrications."  (Mot. to Void J. at 6.)

They also request costs and damages related to "significant legal expenses," litigation costs, costs owed by the joint venture, and costs for reputational damage.  (*Id.* at 6–7.)  At this time, the Court cannot assess these claims.  No judgment has been rendered in their favor, *see Wright & Miller's Federal Practice & Procedure* §§ 2665–69; *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 208–11 (3d Cir. 2000), and Lamy and Peters filed the motion *pro se*.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.